**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DEBORAH SPARKS,

                Plaintiff,

vs.                                                     Case No. 3:17-cv-00585-J-JRK

NANCY A. BERRYHILL,
Deputy Commissioner for Operations
of the Social Security Administration,
performing the duties and functions not
reserved to the Commissioner of
Social Security,

                Defendant.
_____/

## **OPINION AND ORDER**[1]

### **I. Status**

Deborah Sparks ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is a result of a "back, spine injury" and a "[degenerated] disk neck spinal nerv[e]." Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed August 4, 2017, at 89, 101, 236. Plaintiff filed an application for DIB and an application for SSI on September 17, 2013, alleging an onset disability date of July 18, 2013. Tr. at 207 (DIB), 209 (SSI). Plaintiff's applications were denied initially, see Tr. at 113, 89-100 (DIB); Tr. at 114,

---

[1]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 12), filed August 4, 2016; Reference Order (Doc. No. 14), entered August 7, 2017.

101-12 (SSI), and were denied upon reconsideration, see Tr. at 143, 115-28 (DIB); Tr. at 144, 129-42 (SSI).

On October 20, 2015, an Administrative Law Judge ("ALJ") held a hearing, during which she heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 31-88. The ALJ issued a Decision on November 4, 2015, finding Plaintiff not disabled through the date of the Decision. Tr. at 14-24. On March 27, 2017, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On May 23, 2017, Plaintiff commenced this action under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff raises the following issue: whether the ALJ adequately evaluated the full extent of the evidence from treating physician James Janousek, M.D., who offered medical opinions that Plaintiff cannot work sitting down or standing up and that she cannot perform activities such as "long sitting, standing, . . . stooping, bending or lifting." Memorandum in Support of Complaint (Doc. No. 16; "Pl.'s Mem."), filed August 10, 2017, at 7 (quoting Tr. at 451). Specifically, in addressing this issue, Plaintiff makes the argument that although Dr. Janousek's opinions are on a form that looks identical to the form of another treating physician, Arthur Browning, M.D., "the ALJ still has the obligation to comment on the opinions contained on the form and state with specificity the reasons that the opinions are either accepted or rejected." Pl.'s Mem. at 8. On December 27, 2017, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 19; "Def.'s Mem.") addressing Plaintiff's arguments. After a thorough review of the entire record and

consideration of the parties' respective memoranda, the undersigned determines that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled,[2] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 16-24. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since July 18, 2013, the alleged onset date." Tr. at 16 (emphasis and citation omitted). At step two, the ALJ found that "[Plaintiff] has the following severe impairments: disorders of the spine status post surgery, a peripheral neuropathy diagnosis, and osteopenia." Tr. at 16 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one

---

[2] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 18 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except: with a sit/stand option defined as allowing a person to sit or stand alternatively, at will, provided an individual is within employer tolerances for off task behavior; no climbing of ladders, ropes, or scaffolds; occasional climbing of ramps and stairs; occasional balancing, stooping, kneeling, crouching, and crawling. She is limited to frequent bilateral overhead reaching and feeling. She must avoid concentrated exposure to extreme cold, extreme heat, wetness and vibration. She must avoid even moderate exposure to the use of moving machinery and unprotected heights. Work is limited to simple, routine and repetitive tasks, performed in a work environment free of fast paced production requirements, involving only simple work related decisions, and routine work place changes due to pain complaints.

Tr. at 18 (emphasis omitted).

At step four, the ALJ relied on the testimony of the VE and found that "[Plaintiff] is unable to perform past relevant work." Tr. at 23 (emphasis and citation omitted). At step five, after considering Plaintiff's age ("47 years old . . . on the alleged disability onset date"), education ("at least a high school education and is able to communicate in English"), work experience, and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform," including "Ticket Taker," "Storage Facility Clerk", and "Toll Collector." Tr. at 23 (emphasis and citation omitted); see Tr. at 23-24. The ALJ concluded that Plaintiff "has not been under a disability . . . from July 18, 2013, through the date of th[e D]ecision." Tr. at 24 (emphasis and citation omitted).

## III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

The undersigned sets out the parties' arguments and applicable law, followed by a summary of the relevant medical evidence. Then, Plaintiff's arguments are addressed.

## A. Parties' Arguments

As noted, Plaintiff particularly takes issue with the ALJ's evaluation of the medical opinions provided by Dr. Janousek; specifically, Plaintiff points out that "the ALJ did not discuss the opinions that were expressed in [Dr. Janousek's medical assessment]." Pl.'s Mem. at 7. While Plaintiff concedes that "[the ALJ] fulfilled her obligation with regard to [Dr. Browning's] assessment," id., Plaintiff argues that although Dr. Janousek's form looks identical to the form filled out by Dr. Browning (in both format and substance), id., "the ALJ still has the obligation to comment on the opinions contained on the form and state with specificity the reasons that the opinions are either accepted or rejected," id. at 8.

Responding, Defendant argues that "[a]lthough the ALJ did not specifically address Dr. Janousek's statement that Plaintiff cannot work, the ALJ's decision demonstrates that the ALJ did consider evidence from Dr. Janousek, referencing the exhibit, Exhibit 17F, which contained the July 27, 2017 statement of disability." Def.'s Mem. at 7 (citing Tr. 20-21, 442-51). Defendant further "maintains that to the extent Dr. Janousek's assessment was the same as Dr. Browning's assessment, the ALJ's reasoning for evaluating Dr. Browning's assessment applies to Dr. Janousek's statement as well." Id. at 8. Thus, "because Dr. Janousek's opinion was 'very similar' to Dr. Browning's assessment, and the ALJ did state good cause for assigning [Dr. Browning's] opinion limited weight, [Defendant] maintains that the same reasoning would apply to Dr. Janousek's opinion." Id. at 9. Therefore, Defendant concludes, "the Court is able to ascertain the ALJ's reasoning and make a determination of whether the ALJ's finding" was proper. Id.

**B. Applicable Law[3]**

The Regulations establish a "hierarchy" among medical opinions[4] that provides a framework for determining the weight afforded each medical opinion: "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining physicians[;] treating physicians[' opinions] are given more weight than [non-treating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists." McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (citing 20 C.F.R. § 404.1527(d)(1), (2), (5)). The following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization." 20 C.F.R. §§ 404.1527(d)(2)-(5), 416.927(d)(2)-(5); see also 20 C.F.R. §§ 404.1527(e), 416.927(f).

With regard to a treating physician or psychiatrist,[5] the Regulations instruct ALJs how to properly weigh such a medical opinion. See 20 C.F.R. § 404.1527(c). Because treating

---

[3] On January 18, 2017, the SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5844 (January 18, 2017). Because Plaintiff filed her claims before that date, the undersigned cites the rules and Regulations that were in effect on the date of the ALJ's Decision, unless otherwise noted.

[4] "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2); see also 20 C.F.R. § 404.1513(a) (defining "[a]cceptable medical sources").

[5] A treating physician or psychiatrist is a physician or psychiatrist who provides medical treatment or evaluation to the claimant and who has, or has had, an ongoing treatment relationship with the claimant, as established by medical evidence showing that the claimant sees or has seen the physician with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for the medical condition. See 20 C.F.R. § 404.1502.

physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)," a treating physician's or psychiatrist's medical opinion is to be afforded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. Id. When a treating physician's or psychiatrist's medical opinion is not due controlling weight, the ALJ must determine the appropriate weight it should be given by considering the factors identified above (the length of treatment, the frequency of examination, the nature and extent of the treatment relationship, as well as the supportability of the opinion, its consistency with the other evidence, and the specialization of the physician). Id.

If an ALJ concludes the medical opinion of a treating physician or psychiatrist should be given less than substantial or considerable weight, he or she must clearly articulate reasons showing "good cause" for discounting it. Hargress v. Soc. Sec. Admin., Comm'r, 883 F.3d 1302, 1305 (11th Cir. 2018) (citation omitted); Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists when (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or inconsistent with the treating physician's or psychiatrist's own medical records. Hargress, 883 F.3d at 1305 (citation omitted); Phillips, 357 F.3d at 1240-41; see also Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991); Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987) (stating that a treating physician's medical opinion may be discounted when it is not accompanied by objective medical evidence).

An examining physician's opinion, on the other hand, is not entitled to deference. See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987) (per curiam) (citing Gibson v.

Heckler, 779 F.2d 619, 623 (11th Cir. 1986)); see also Crawford, 363 F.3d at 1160 (citation omitted). Moreover, the opinions of non-examining physicians, taken alone, do not constitute substantial evidence. Broughton v. Heckler, 776 F.2d 960, 962 (11th Cir. 1985) (citing Spencer v. Heckler, 765 F.2d 1090, 1094 (11th Cir. 1985)). However, an ALJ may rely on a non-examining physician's opinion that is consistent with the evidence, while at the same time rejecting the opinion of "any physician" whose opinion is inconsistent with the evidence. Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. Unit B. 1981) (citation omitted).

An ALJ is required to consider every medical opinion. See 20 C.F.R. §§ 404.1527(d), 416.927(d) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham, 660 F.2d at 1084 (citation omitted); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir.1987)); see also Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005); Lewis, 125 F.3d at 1440. "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." Winschel, 631 F.3d at 1179 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)).

**C. Summary of Relevant Medical Evidence**

On September 5 2013, subsequent to the alleged onset date, Plaintiff began being treated by Dr. Browning of Baptist Primary Care. Tr. at 369-71. On that date, Dr. Browning completed a form from the U.S. Department of Education, Tr. at 401-02, in which he

indicated, among other things, that Plaintiff was unable to engage in any substantial gainful activity due to an inability to "sit, stand, bend, or stoop for long periods." Tr. at 402. Plaintiff continued receiving care from Dr. Browning, Tr. at 372-408, 415-26, and on December 5, 2014, Dr. Browning completed a Medical Verification Form in which he opined, among other things, that Plaintiff was unable to work at all. Tr. at 470. In that form, Dr. Browning indicated the following restrictions to Plaintiff working: "No long sitting, standing[,] [. . .] stooping, bending, [or] lifting." Tr. at 470.

On February 4, 2015, Plaintiff began care with Dr. Janousek. Tr. at 446-47. Plaintiff continued care with Dr. Janousek through July 27, 2015. Tr. at 443-45. On that date, Dr. Janousek completed a Medical Verification Form in which he opined, among other things, that Plaintiff was unable to work sitting down or standing up. Tr. at 451. In that form, Dr. Janousek indicated the following restrictions to Plaintiff working: "No long sitting, standing, stooping, bending, or lifting." Tr. at 451.

Theodore Webere, Psy. D., Patricia A. Clark, Psy. D., and Lionel Henry, M.D., also offered their own opinions although they did not examine nor treat Plaintiff. See Tr. at 89-112, 115-42. These medical experts opined that Plaintiff's condition is not severe enough to keep her from working and that she could adjust to other work. Tr. at 100, 112, 126, 140.

**D. ALJ's Evaluation of the Medical Evidence**

The ALJ stated that "the record as a whole does not substantiate the restrictive assessment by [Dr. Browning] [. . .] that the [Plaintiff] is unable to work at all." Tr. at 21. The ALJ further expanded on this by explaining that "Dr. Browning's own records regularly note that [Plaintiff] denied experiencing any weakness, [and that] multiple reviews of her systems were essentially unremarkable." Tr. at 21. The ALJ also stated that "[Plaintiff's] treatment

regimen has remained conservative in nature since the alleged onset date, further suggesting that her symptoms are adequately managed by her treatment regimen." Tr. at 22. On this basis, the ALJ found that "[Dr. Browning]'s assessment of [Plaintiff]'s inability to work at all [is] unsupported by the overall evidence," Tr. at 22, and thus accorded "only limited weight to the medical opinions of Dr. Browning." Tr. at 22. The undersigned finds that the ALJ's discounting of Dr. Browning's medical evidence is indeed supported by substantial evidence. See Tr. at 394-395 (describing Plaintiff's conditions as "mild," "mild to moderate," and "moderate"); Tr. at 444 (noting that Plaintiff claimed that the "meds help with adls"[6]); Tr. at 428 (acknowledging a "[n]ormal x-ray examination of the left foot"); Tr. at 429 (acknowledging a "[n]ormal x-ray examination of the left tibia and fibula"); Tr. at 430 (an x-ray report for Plaintiff's left hip stating that "[b]one density and joint structures are unremarkable"); Tr. at 430 (acknowledging a "[n]ormal x-ray examination of the left hand").

The ALJ further took into consideration Dr. Webere, Dr. Clark, and Dr. Henry's medical opinions. Tr. at 22. The ALJ weighed these opinions as "statements from non-examining expert sources." Tr. at 22. The ALJ found that "[as the opinions] are well supported and generally consistent with the overall evidence [. . .], significant weight [was] accorded." Tr. at 22.

While the ALJ's Decision briefly acknowledged Dr. Janousek's care, see Tr. at 20-21, the ALJ never accorded any weight to his medical opinion. Plaintiff's appeal rests primarily on this claim. However, Plaintiff fails to assert how the ALJ's findings are affected by the ALJ's failure to specifically assign a weight to Dr. Janousek's medical opinion. It is clear that Dr. Janousek's opinion was the same as Dr. Browning's, and that the ALJ did take into

---

[6] The abbreviation "adls" likely stands for "activities of daily living."

-11-

account Dr. Janousek's opinion. Thus, any error in the ALJ's failure to specifically assign weight to Dr. Janousek's opinion is harmless. See e.g., Wright v. Barnhart, 152 F. App'x 678, 684 (11th Cir. 2005) (unpublished) (finding that "[a]lthough the ALJ did not explicitly state what weight he afforded the opinions of [four physicians], none of their opinions directly contradicted the ALJ's findings, and, therefore, any error regarding their opinions is harmless").

In sum, because the ALJ's decision on Dr. Browning's assessment is supported by substantial evidence, and because Dr. Janousek's opinion was almost identical in both form and substance to Dr. Browning's, the ALJ did not reversibly err by failing to assign a weight to Dr. Janousek's opinion.

## V. Conclusion

After a thorough review of the entire record, the Court finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and pursuant to § 1383(c)(3) **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on June 5, 2018.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

jec

Copies to:

Counsel of record